UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFS/IBEX OF METABANK,

       Plaintiff,                        Case No. 15-11409

                                         Honorable Gershwin A. Drain

v.

TRAVELERS PROPERTY CASUALTY CO.
OF AMERICA, *et al.*,

       Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT VOGEL AND LAUBER'S MOTION FOR PARTIAL SUMMARY JUDGMENT [#76]

## I.    INTRODUCTION

On April 19, 2015, Defendants Travelers Property Casualty Company of America, Travelers Property Casualty Company, Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, Travelers Indemnity Company of America and Travelers Indemnity Company (the "Travelers Defendants") removed the instant action from the Wayne County Circuit Court. Plaintiff, AFS/IBEX of MetaBank, filed its Amended Complaint on September 21, 2015.

In the Amended Complaint, Plaintiff alleges the following claims: (i) Violation of Mich. Comp. Laws § 500.1511, unjust enrichment, statutory conversion, common

-1-

law conversion, vicarious liability, breach of warranty and negligence against the Travelers Defendants, Counts I through VII; (ii) fraud, statutory conversion, common law conversion, unjust enrichment and tortious interference against Defendants Keith and Karen Larson (the "Larson Defendants"), Margaret Lauber and Janet Vogel, Counts VIII through XII; (iii) violation of Mich. Comp. Laws § 500.1205(2)(b) and negligent supervision against the Larson Defendants, Counts XIII and XIV.

Presently before the Court is Defendants Lauber and Vogel's Motion for Partial Summary Judgment, filed on December 17, 2015. Plaintiff filed a Response in Opposition on January 8, 2016, and Defendants filed a Reply on January 19, 2016.[1] For the reasons that follow, the Court will deny without prejudice Defendant Lauber and Vogel's Motion for Partial Summary Judgment.

## II.    FACTUAL BACKGROUND

Plaintiff is a Texas based lender that specializes in providing loans to cover the cost of commercial insurance premiums. The Larson Defendants were the owners and operators of Larson's Insurance Solutions Agency, Inc. ("Larson's Agency"). Defendants Lauber and Vogel were employed by Larson's Agency. Plaintiff's predecessor in interest, Financial Services, entered into twelve Finance Agreements

---

[1] The hearing on this motion was originally set for February 22, 2016. However, this case was stayed from February 2, 2016 through June 1, 2016 so that the Larson Defendants could obtain alternate counsel.

to finance annual premiums of insurance policies purchased by Larson's Agency's clients. Pursuant to each Agreement, the Insured was required to make an out-of-pocket down payment toward the premium, and Financial Services loaned the Insured the remaining amount necessary to pay the full premium. Each Agreement provides a payment schedule, which sets forth the number of payments, the amount of each payment, and the payment due dates. As security for the loan, Financial Services is granted a security interest in any unearned premium. If the Insured fails to make any of its payments to Financial Services when due, Financial Services is entitled to cancel the subject policy and collect the unearned premium from the insurance provider.

Plaintiff claims that individuals at Larson's Agency signed some of the Agreements at issue herein on behalf of the Insured. Discovery has revealed that four of the Agreements were signed by Defendant Keith Larson and the other eight were signed by the Insureds. All of the Agreements contain "Producer's Representations" in which Larson's Agency warranted and agreed to, among other things, the following:

> a) the Insured received a copy of the Agreement.
> b) the policies listed on the Agreement are in full force and effect and the information in the schedule of policies and the amount of the premiums are correct.
> c) the Insured authorized the transaction and recognizes the security interest assigned by the Agreement.
> d) Larson's Agency would hold in trust for Plaintiff any payments made or credited to the Insured through or to Larson's Agency, directly or

indirectly, actually or constructively by the insurance companies and to pay the monies to Plaintiff upon demand to satisfy the outstanding indebtedness of the Insured.

Larson's Agency was to collect the loan proceeds from Financial Services, along with the down payment from the Insured and forward the full premium to Travelers. However, instead of paying the entire premium, Larson's Agency or its employees would use the money received from Financial Services and the Insured for their own purposes.

Defendant Keith Larson's signature appears on behalf of Larson's Agency on each Agreement, however Plaintiff asserts that in some cases Defendant Karen Larson or Defendants Lauber and Vogel signed Keith Larson's name to the Agreements. Although Financial Services received some of the initial monthly payments required under the Agreements, it did not receive all of the required payments.

In October of 2014, Financial Services sold substantially all of its assets to Plaintiff, including all right, title and interest in the Agreements, including any claims or causes of action arising therefrom. Plaintiff claims it is owed a total of $262,190.51. Plaintiff further asserts that the Travelers Defendants have refused to cancel the subject policies and return the unearned premiums despite being provided with Notices of Cancellations and a final demand letter.

## III.  LAW & ANALYSIS

-4-

### A.  Standards of Review

#### 1.  Rule 9 of the Federal Rules of Civil Procedure

When ruling on a motion to dismiss for failure to plead with particularity under Fed. R. Civ. P. 9(b), the Court must accept as true the plaintiff's well-pleaded facts and draw all reasonable inferences in favor of the plaintiff.  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).  When dealing with a motion to dismiss based on Fed. R. Civ. P. 9, a court must also consider the policy favoring simplicity in pleading, codified by Fed. R. Civ. P. 8.  *Id.*  The Sixth Circuit has held that Fed. R. Civ. P. 9's particularity requirement does not "mute the general principles set out in Fed. R. Civ. P. 8; rather, the two rules must be read in harmony."  *Sanderson v. HCA–The Health Care Co.*, 447 F.3d 873, 876 (6th Cir. 2006).  Rule 9 does not require plaintiffs to plead detailed evidentiary matters.  *In re Consumers Power Company Securities Litigation,* 105 F.R.D. 583, 591 (E.D. Mich. 1985).

#### 2.  Fed. R. Civ. P. 56

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The

Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter

-6-

of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

## B.    Fraud

The elements of Plaintiff's fraud claim include: (1) Defendants made a material misrepresentation; (2) it was false; (3) when Defendants made it, they knew it was false, or made recklessly, without any knowledge of its truth and as a positive assertion; (4) they made it with the intention that it should be acted upon by Plaintiff; (5) Plaintiff acted in reliance upon it; and (6) Plaintiff suffered injury. *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 337 (1976). "[A]n action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact." *Id.* Future promises are contractual and do not constitute fraud." *Id.* However, a fraudulent misrepresentation claim "may be based upon a promise made in bad faith without intention of performance." *Id.* at 337-38.    Defendants argue that Plaintiff cannot establish the first and fifth elements of its fraud claim–the existence

and communication of an actionable representation and reliance thereupon. Plaintiff counters that material misrepresentations were contained in the subject Premium Finance Agreements, specifically that the Insured received a copy of the agreement and authorized the transaction and that the subject policy was in full force and effect. In some cases, the Insureds did not authorize the transaction with Financial Services, or the policies were not in full force and effect or the information in the schedule of policies and the amount of the premiums was incorrect.   Additionally, Larson's Agency, acting through the Larson Defendants, Vogel, and Lauber represented to Financial Services that it would use the funds received from Financial Services, along with funds received from the Insured to pay the subject insurance premiums. However, Defendants did not use the funds to pay the premiums. Plaintiff argues that Financial Services acted in reliance upon the false representations in advancing loan proceeds to the Insured and sending such loan proceeds directly to Larson's Agency to then forward to the Travelers Defendants.

Plaintiff also argues that discovery is incomplete and that this case represents a classic case of finger pointing among the individual Defendants and precludes summary judgment at this stage of the proceedings. Plaintiff further complains that without additional discovery, it is not in a position to identify which of the Defendants engaged in the wrongful acts that form the basis of Plaintiff's claims.

As such, based on the foregoing, the Amended Complaint satisfies the requirements of Fed. R. Civ. P. 9(b) and dismissal is not warranted on this ground.

As to Defendants' Rule 56 motion for summary judgment, Defendants argue that Plaintiff has failed to come forward with any evidence in support of its fraud claim. Defendants have produced their sworn affidavits denying having signed or having sent the Financial Agreements at issue. The other evidence of record demonstrates that all twelve advances were transferred to the Larson's Agency, and not Defendants Vogel or Lauber.

Plaintiff counters with the production of Floyce Hoard's Affidavit. Mr. Hoard is Plaintiff's Accounts Receivable Manager. In his affidavit, he states that:

> Based on my communications with the attorneys at Erman, Teicher, Zucker & Freedman, P.C., Defendants Keith Larson and Karen Larson represented at the Larson's Insurance Solutions Agency, Inc.'s 341 Meeting of Creditors that Defendants Vogel and Lauber, along with Joanna Dellin, participated in the making of the false representations and the procurement of, and failure to use for their intended purposes, funds from Financial Services, and that supporting forensic evidence would be produced. Defendants Keith Larson and Karen Larson further represented that they had no involvement in the same.

*See* Plf.'s Resp., Ex. A at ¶ 6. Mr. Hoard further avers that additional discovery is required to determine "which of the Individual Defendants participated in the wrongdoing . . . and in what capacity . . . ." *Id.* at ¶ 9. Accordingly, the Court agrees with Plaintiff that resolution of this matter under Rule 56 is premature. Federal Rule

of Civil Procedure 56(d) states in relevant part that: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it . . . ." Fed. R. Civ. P. 56(d).

### C.    Conversion

Conversion is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391; 486 N.W.2d 600 (1992). Defendants argue that Plaintiff cannot state a claim for conversion because the subject transactions were loans advanced by Plaintiff to pay for insurance premiums.  The law in Michigan is well-settled that in order to state a viable claim for conversion, "[t]he defendant must have obtained the money without the owner's consent to the creation of a debtor and creditor relationship."  *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 112 (1999); *Lawsuit Financial v. Curry*, 261 Mich. App. 579 (2004).

Plaintiff argues that this well settled rule of law is inapplicable under the circumstances herein because Financial Services did not lend money to any of the individual Defendants.  Rather, the loans were for insured non-parties identified in the Finance Agreements. However, Plaintiff fails to cite any authority in support of its

argument. In *Lawsuit Financial*, the plaintiff was in the business of "non-recourse capital advances" and loaned money to the defendant to cover litigation expenses during the pendency of her lawsuit arising from an automobile accident. 261 Mich. App. at 581-82. Once the defendant recovered damages from her lawsuit, the plaintiff brought suit for common law and statutory conversion against her and the law firm that represented her in the lawsuit based on their refusal to pay plaintiff under the agreement. *Id*. at 581.

The Michigan Court of Appeals concluded that the plaintiff failed to state a claim for common law conversion because the plaintiff did not allege any facts establishing that the law firm obtained the litigation proceeds without consent. *Id.* at 592. Similarly, in the instant case, Plaintiff alleges that it lent money to the Insureds and agreed to forward the money to the Larson's Agency for payment to the Travelers Defendants. As such, like the law firm in *Lawsuit Financial*, it appears Plaintiff cannot establish Defendants initial exercise over the property was in fact wrongful.

However, the law provided by Defendants is distinguishable since Plaintiff did not enter into a creditor/debtor relationship with any of the Defendants, nor with the Larson's Agency. As such, the facts alleged in the Complaint fall within the definition of conversion or "the act of domain wrongfully exerted over another's

personal property in denial of or inconsistent with the rights therein." When Defendants failed to forward the loan payments to the Travelers Defendants, they exerted dominion over property inconsistent with their rights. It may be true that all the evidence of record reveals that Defendants did not receive any of the subject funds since the loans were transferred directly to the Larson's Agency account and Defendants' pay stubs do not reflect any payments beyond their salaries. Because Plaintiff has offered a Rule 56(d) affidavit, these arguments are premature at this stage of the proceedings.

### D.    Statutory Conversion

Statutory conversion consists of knowingly "buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property." MICH. COMP. LAWS § 600.2919a. Defendants argue that they cannot be liable under MICH. COMP. LAWS § 600.2919a because conversion cannot lie where the plaintiff lent money and assented to the creation of a creditor/debtor relationship. Thus, according to Defendants, because Larson's Agency cannot be liable for conversion based on Plaintiff's consent, Defendants cannot be held liable under MICH. COMP. LAWS § 600.2919a for receiving, possessing, concealing or aiding in the concealment of converted property. However, as discussed *supra*, Plaintiff did not consent to creating a creditor/debtor relationship with the Larson's Agency or any of the individual

Defendants.

Moreover, for the same reasons that summary judgment is premature on Plaintiff's fraud and common law conversion claims, it is likewise premature on Plaintiff's statutory conversion claim. Discovery does not close until December of 2016. Plaintiff has filed a Rule 56(d) affidavit asserting that it cannot present evidence in support of its claims without an opportunity to conduct additional discovery. As such, summary judgment is inappropriate at this stage of the proceedings.

## IV.   CONCLUSION

Accordingly, Defendant Lauber and Vogel's Motion for Partial Summary Judgment [#76] is DENIED WITHOUT PREJUDICE

SO ORDERED.


/s Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE


Dated: June 29, 2016

-13-

<u>CERTIFICATE OF SERVICE</u>

Copies of this Order were served on the attorneys of record on June 29, 2016, by electronic and/or ordinary mail.


<u>/s/ Tanya Bankston</u>
Deputy Clerk

-14-