UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFS/IBEX, A DIVISION OF
METABANK,

        Plaintiff,

v.

Case No.: 15-cv-11409
Honorable Gershwin A. Drain

TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, *et al.*,

        Defendants.
_____/

**<u>ORDER DENYING DEFENDANTS LAUBER'S AND VOGEL'S JOINT MOTION FOR DEFAULT JUDGMENT [#131], DENYING DEFENDANTS KEITH AND KAREN LARSON'S MOTION TO SET ASIDE MOTION FOR DEFENSE COUNSEL TO WITHDRAW AND TO SET ASIDE ALL PLEADINGS AND COURT FILINGS SINCE APRIL 3, 2017 [#145], DENYING DEFENDANTS KEITH AND KAREN LARSON'S AMENDED MOTION FOR DEFENSE COUNSEL TO WITHDRAW AND MOTION TO SET ASIDE THE HEARING [#148] AND SCHEDULING DATES</u>**

**I.    INTRODUCTION**

Presently before the Court is the Defendants, Margaret Lauber's and Janet Vogel's (hereinafter "Movants"), Motion for Default Judgment, filed on March 3, 2017. There has been no response filed to date. Also, before the Court is the Defendants, Keith and Karen Larson's (hereinafter "the Larson Defendants"), Motion to Set Aside Motion for Defense Counsel to Withdraw and to Set Aside

all Pleadings and all Court Filings since the 4/3/17 Hearing Due to Intentional Failure to Notify the Defendant, filed on May 24, 2017. Movants filed a Response to the Larson Defendants' motion on May 31, 2017. Additionally, the Larson Defendants filed an Amended Motion for Defense Counsel to Withdraw and Motion to Set Aside Hearing on May 31, 2017.

Upon review of the parties' filings, the Court finds that oral argument will not aid in the disposition of this matter, accordingly the parties' motions will be determined on the briefs. See E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny the Movants' Motion for Default Judgment and will deny the Larson Defendants' Motion and Amended Motion.

## II. FACTUAL BACKGROUND

Plaintiff filed suit on April 1, 2015. In the Amended Complaint, Plaintiff alleges the following claims: fraud, statutory conversion, common law conversion, unjust enrichment and tortious interference against the Larson Defendants and the Movants, as well as violation of Mich. Comp. Laws § 500.1205(2)(b) and negligent supervision against the Larson Defendants. The Movants have filed a cross claim against the Larson Defendants alleging defamation per se.

Plaintiff claims it was defrauded of roughly $260,000.00 in the course of making 12 premium finance loans solicited by the Larson Defendants' insurance

agency. The total sum lent is roughly $277,000.00. In February of 2014, amid controversy that the Larson Defendants' insurance agency was defrauding various finance lenders, the Larson Defendants were forced to close their business. The Michigan Department of Insurance and Financial Services ("MDIF") issued their preliminary suspension of the Larson Defendants' insurance licenses, based on a number of Findings of Fact and Conclusion of Law.

The Larson Defendants accused Movants, employees of the Larson Defendants' insurance agency, of all the wrongdoing discovered by the MDIF. Based upon the Larson Defendants' accusations against the Movants, Plaintiff brought the instant lawsuit. On May 14, 2015, the MDIF issued its final decision, finding the Larson Defendants guilty of all the misdeeds previously found by the MDIF.

In January of 2016, the Movants propounded written discovery requests to the Larson Defendants. After the Movants were served with the Larson Defendants' discovery responses, including document production, the Movants concluded that the Larson Defendants' discovery submissions were incomplete and filed a motion to compel. Dkt. No. 111. The discovery motion was resolved based on the Larson Defendants agreement to appear for depositions and to produce the appropriate documents at the depositions. As such, the Court entered a Stipulated Order Regarding Moving Defendants' Motion to Compel Discovery

wherein it was ordered that the Larson Defendants would appear for their depositions on or before October 17, 2016.

The Larson Defendants appeared for their depositions, however during her deposition; Karen Larson indicated that she had a new audio recording that had great relevance to the case, as well as thousands of pages of documentation that she had not yet produced. Therefore, the deposition was continued to allow her time to produce the documents. No documents were served on the Movants during the remaining portion of 2016, nor did the Larson Defendants produce the new audio tape Karen Larson discussed at her deposition.

In February of 2016, the Court granted the Larson Defendants' initial counsel's Motion to Withdraw. The Court provided the Larson Defendants until February 25, 2016 to obtain alternate counsel and stayed the proceedings until that date. The Court also scheduled a Status Conference for February 25, 2016. On February 23, 2016, the Larson Defendants filed an Emergency Motion for Additional Time to Obtain Alternate Counsel based on Karen Larson's representations that she was having difficulty finding counsel and her need for throat surgery. The Court granted the Larson Defendants' Emergency Motion and gave them until June 1, 2016 to find alternate counsel. The Court also continued the stay until June 1, 2016. On June 7, 2016, Sam Gun and Martin Leaf filed a Notice of Appearance on behalf of the Larson Defendants. On June 9, 2016, the

Court entered an Amended Scheduling Order, which extended the discovery cutoff to December 5, 2016, and provided an October 5, 2016 deadline for submission of initial expert disclosures.

When the Movants had still not received complete discovery responses from the Larson Defendants, they filed another motion to compel on August 4, 2016. The parties resolved the motion and a Stipulated Order was entered requiring Karen Larson to appear for her continued deposition no later than January 15, 2017. Dkt. No. 123. On January 30, 2017, the Court entered the parties' Stipulated Order Regarding the Completion of Discovery. The Stipulated Order allowed the Movants to take the continued deposition of Karen Larson, as well as permitted the Larson Defendants to depose the Movants. Dkt. No. 126.

The parties participated in facilitation, which resulted in the resolution of Plaintiff's claim against the Travelers Defendants and the Movants. The Larson Defendants failed to appear at the facilitation. As such, the Larson Defendants and the Movants agreed to complete discovery, including Karen Larson's continued deposition, during February of 2017. The date for Karen Larson's deposition was consensually set for 10:00 a.m. on February 23, 2017, and duly noticed.

Just prior to the February depositions, the Court received a call from the Larson Defendants' counsel wherein counsel indicated they intended to withdraw

from representing the Larson Defendants. The Court entered an Order requiring that the February depositions proceed and allowing counsel to move to withdraw after the conclusion of the depositions.

On February 22, 2017, Karen Larson appeared for the deposition of Mr. Magyar. On February 23, 2017, between 1:52 a.m. and 3:07 a.m., Karen Larson circulated 21 group emails, together with numerous attachments that she was allegedly going to print and bring with her for her 10:00 a.m. deposition. However, Karen Larson failed to appear for her deposition and around 10:09 a.m., she texted her counsel that she had to go to a doctor's appointment.

Mr. Leaf and Mr. Gun moved to withdraw and the Court held a hearing on the matter on April 3, 2017. Mr. Gun has submitted an affidavit with the Court indicating that he informed the Larson Defendants of the April 3, 2017 hearing on March 22, 2017 by email. Dkt. No. 146. Despite receiving notice, the Larson Defendants failed to appear at the April 3, 2017 hearing. On April 4, 2017, the Court entered an Order permitting Mr. Gun and Mr. Leaf to withdraw from representing the Larson Defendants. Dkt. No. 137. The Court gave the Larson Defendants until May 3, 2017 to obtain new counsel. *Id*. The Court advised the Larson Defendants that if they were unable to find alternate counsel, they would be required to represent themselves. *Id*. To date, the Larson Defendants have failed to obtain alternate counsel.

## III. LAW & ANALYSIS

### A. Motion for Default Judgment

The Movants seek default judgment against the Larson Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 37(b) provides that if a party fails to obey an order regarding discovery, the court may make such orders as are just, including dismissing the action against the disobedient party. Fed. R. Civ. P. 37(b)(2)(C). Rule 37(b) sanctions may include prohibiting a party from introducing matters in evidence, striking pleadings, or dismissal of an action, where that party has failed to comply with an order of a court regarding discovery and the failure to comply is attributable to a "willfulness, bad faith, or any fault" of the party. Fed. R. Civ. P. 37(b)(2)(A), (B) and (C); *Intercept Security Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996)(citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)); *Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995).

The sanctions set forth in Rule 37(b) are for violations of a court order requiring a party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the motion to compel is granted, the court may impose sanctions, including attorney fees and costs. Fed. R. Civ. P. 37(a)(4). If a party fails to comply with a Court's order, then Rule 37(b)(2) comes into play and provides for more severe sanctions

7

such as striking pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed. R. Civ. P. 37(b)(2)(C). Dismissal is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'g and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States*, 766 F.2d 910, 912 (6th Cir. 1985).

In determining whether to impose a default judgment as a discovery sanction, the Court considers (1) whether the non-compliant party acted willfully or in bad faith; (2) whether the opposing party suffered prejudice; (3) whether the non-compliant party was warned that failure to cooperate in discovery could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

As to the first factor concerning whether the Larson Defendants have acted in bad faith or willfully in disregarding this Court's orders, the record herein reveals that the Larson Defendants have engaged in a protracted, repeated and willful pattern of delaying the progress of this case. They have failed to provide requisite discovery, as well as failed to attend Court ordered facilitation and Defendant Karen Larson failed to appear for her Court ordered continued

deposition. It is likewise evident that the Movants have suffered prejudice by the Larson Defendants' willful violations of this Court's orders.

However, the Court has not previously warned the Larson Defendants that they could be subjected to a default judgment if they failed to abide by this Court's orders. As to the last factor, it would be appropriate to consider the less drastic sanction of precluding the Larson Defendants from relying on any documents produced subsequent to the discovery cutoff date in this matter. Nor may the Larson Defendants rely on expert witness testimony since they have failed to serve the Movants with any expert disclosures and the time for doing so has long since passed. Accordingly, the Court will deny the Movants' Motion for Default Judgment.

### B. The Larson Defendants' Motions

In their present motions, the Larson Defendants complain that they had no knowledge of the April 3, 2017 hearing on Mr. Leaf's and Mr. Gun's Motion to Withdraw. The Larson Defendants seek an order setting aside the Court's decision to allow Mr. Gun and Mr. Leaf to withdraw, sanctions against their former counsel and the Movants' counsel due to their "intentional deception to prevent the Larsons from knowing of 4/3/17 hearing." Dkt. No. 145 at Pg ID 2803. They further request that the action be stayed.

The record belies the Larson Defendants assertion that they had no notice

of the hearing. Rather, the Larson Defendants are merely trying to thwart the just and expeditious resolution of this action, as they have done throughout these proceedings.

As an initial matter, the Larson Defendants had notice of Mr. Leaf's and Mr. Gun's motion to withdraw. This is evident from their response to the motion to withdraw, sent to the Court on or about March 6, 2017, which begins "Samuel Gun and Martin Leaf have submitted a withdrawal of counsel to your court . . . ." Pg ID 3155.

Additionally, it is evident from the record that the Larson Defendants received notice of the April 3, 2017 hearing. Mr. Gun has provided an affidavit wherein he indicates that he informed the Larson Defendants of the hearing date verbally and through written email communications. Moreover, a chain of emails between the parties, with the Larson Defendants copied, discusses the April 3, 2017 hearing date. To the extent the Larson Defendants maintain that they no longer use the email address used in the group emails between the parties, such an argument would be incredible because the Larson Defendants used the same email address to respond to the group emails.

Based on the foregoing, the Larson Defendants are not entitled to the relief sought by their present motions. As such, the Court will deny both motions.

## IV. CONCLUSION

Based on the foregoing considerations, the Movants' Motion for Default Judgment [#131] is DENIED. The Larson Defendants Motion to Set Aside Motion for Defense Counsel to Withdraw and Set Aside All Court pleadings since the 4/3/2017 hearing [#145] is DENIED. The Larson Defendants' Amended Motion for Defense Counsel to Withdraw and Motion to Set Aside the Hearing on 4/3/2017 [#148] is also DENIED.

The Larson Defendants shall comply with the remaining scheduling dates and all orders of this Court:

A confidential settlement statement is due **no later than August 7, 2017 at noon**.

A settlement conference will be held on **August 8, 2017 at 10:00 a.m.** at the federal courthouse in **Detroit, Michigan, Room 707.**.

Motions *in Limine* are due on **August 14, 2017**.

A bench trial is set for **August 28, 2017 at 9:00 a.m**.

**Failure to comply with any of the remaining scheduling dates for this matter or any failure to comply with this Court's orders will result in the entry of default judgment against the Larson Defendants.**

SO ORDERED.

Dated: August 2, 2017                            /s/Gershwin A. Drain  
                                                             GERSHWIN A. DRAIN  
                                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Keith and Karen Larson, 34576 Fairfax Drive, Livonia, MI 48152,
August 2, 2017, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk