UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFS/IBEX, A DIVISION OF
METABANK,

        Plaintiff,

v.

Case No.: 15-cv-11409
Honorable Gershwin A. Drain

TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, *et al.*,

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF-ASSIGNEES/CROSS-CLAIMANTS' MOTION TO STRIKE EXHIBITS [#166] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF-ASSIGNEES/CROSS-CLAIMANTS' MOTION TO STRIKE WITNESS [#171]

**I. Introduction**

Presently before the Court is the Plaintiff-Assignees/ Cross-Claimants, Margaret Lauber's and Janet Vogel's (hereinafter "VL"), Motion to Strike Exhibits, filed on August 24, 2017. Defendants, Keith and Karen Larson, filed a Response to VL's Motion to Strike Exhibits on August 27, 2017. Also, before the Court is VL's Motion to Strike Witness, filed on August 25, 2017. Defendants filed a Response to VL's Motion to Strike Witness on August 26, 2017.

A hearing on these matters was held on August 30, 2017. After the hearing

concluded, the Court entered an order requiring the parties to submit a stipulation no later than September 7, 2017 if they came to an agreement concerning the disputes raised by VL's present motions. The parties submitted a Stipulation by the deadline set by the Court indicating they had resolved some of the disputes relative to Defendants' proposed exhibits. Accordingly, the instant order only addresses Plaintiff-Assignees/Cross-Claimants' objections to Defendants' proposed exhibits A-L, P-W, Y, Z, BB, CC, EE, FF, and HH.

For the reasons that follow, the Court will grant VL's Motion to Strike Exhibits and will grant in part and deny in part VL's Motion to Strike Witness.

## II. VL's Motion to Strike Exhibits

On August 2, 2017, this Court entered an Order Denying VL's Motion for Default Judgment. Dkt. No. 157. VL moved for default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure based on the failure of Defendants to produce requested discovery. The Court determined that the sanction of default judgment was not warranted, but held the less drastic sanction of precluding the Defendants from relying on documents produced subsequent to the discovery cutoff date was appropriate. The Court's August 2, 2017 Order also prohibited the Defendants from relying on expert testimony because they failed to serve VL with any expert disclosures.

On August 24, 2015, the Defendants submitted their Initial Disclosures,

which identified 59 prospective exhibits, but none were included with the disclosures. Defendants' Initial Disclosures identified Kenneth Landini as a potential witness.  In July of 2016, the Defendants' prior counsel produced 10 documents, totaling 226 pages.  In August of 2016, the Defendants produced an additional 16 documents, totaling 527 pages.

On or about August 22, 2017, the Defendants transmitted 34 proposed trial exhibits to VL.  At least 29 of the proposed trial exhibits were never produced and some that were produced do not match the documents produced in 2016. Defendants' current counsel did not represent the Defendants in 2016, thus he is unable to explain the discrepancies with respect to the documents produced in 2016 and the documents produced in August of this year.  Defendants argue that their former counsel indicated in an email to VL's counsel that he could "come over" to counsel's office to have "a copy service retrieve, bate stamp and copy as the parties require" the requested discovery.  However, VL's counsel maintains that Defendants' former counsel committed to transmitting additional documents once produced by Defendants.

Upon review of the parties' briefing and consideration of the arguments presented at the August 30, 2017 hearing, the Court concludes that it will not permit the introduction of any exhibits that were not produced prior to the discovery cutoff date in this matter.  Nor will it permit the introduction of documents that are

different than the documents produced in 2016.

   **III. VL's Motion to Strike Witness**

VL also moves to strike the testimony of Defendants' proposed witness, Kenneth Landini. VL argues that Defendants' characterization of Landini as a fact witness is a mere subterfuge to thwart this Court's August 2, 2017 order excluding expert testimony. VL asserts that Landini was hired by Defendants in August of 2014, well after VL was employed by Defendants' insurance agency. As such, VL maintains that Landini will not provide relevant fact testimony because he was not around when the records at issue herein were generated. Moreover, VL assert that there is serious concern Landini did not author the report concerning the insurance agency's fraudulent scheme.

In response, Defendants assert that Landini will testify to the fact that he was hired by the Defendants as a forensic accountant and will not give any opinion that anyone committed fraud.

Upon review of the parties' briefing and consideration of the arguments presented during the August 30, 2017 hearing, the Court concludes that Landini may testify that he was hired by the Defendants to investigate the fraudulent scheme at issue herein. However, he may not discuss his report or its conclusions or in any way offer expert testimony in this matter.

**IV. Conclusion**

Accordingly, for the reasons stated on the record and contained in this order, VL's Motion to Strike Exhibits [#166] is GRANTED. Proposed trial exhibits A-L, P-W, Y, Z, BB, CC, EE, FF, and HH are HEREBY STRICKEN.

VL's Motion to Strike Witness [#171] is GRANTED IN PART and DENIED IN PART. Landini may testify as a fact witness only, and may not offer any expert testimony, nor testimony concerning his report or its conclusions.

SO ORDERED.

Dated: September 14, 2017  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk