UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFS/IBEX, A DIVISION OF
METABANK,

        Plaintiff,

v.

Case No.: 15-cv-11409
Honorable Gershwin A. Drain

TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, *et al*.,

        Defendants.
_____/

## ORDER DENYING MOTION FOR SUBSTITUTION [#186] WITHOUT PREJUDICE

This matter was scheduled to commence trial on August 28, 2017. Prior to the commencement of trial, Defendants' attorney informed the Court that Defendant Keith Larson had passed away on the morning of August 28, 2017. The trial was adjourned so that the decedent's wife, Defendant Karen Larson, could commence probate proceedings and be appointed as personal representative for her husband's estate.

Assignees/Cross-Claimants now move for substitution. Defendant Karen Larson has failed to file a Response to the instant motion, however at a status conference held on October 17, 2017, counsel for Defendant Karen Larson

indicated that he had no objection to the present motion. For the reasons that follow, the Court will deny the present motion without prejudice.

Rule 25 governs the substitution of parties. It states in relevant part that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Plaintiffs seek to substitute Karen Larson for the estate of Keith Larson. While the Court does not disagree that substitution is warranted under the circumstances herein, it cannot grant the Assignees/Cross-Claimants' requested relief because several conditions have not been followed in accordance with Rule 25.

Specifically, a formal, written statement noting death has not been filed and properly served under Rules 4 and 5. *See Tolliver v. Leach*, 126 F.R.D. 529, 530-31(W.D. Mich. 1989); *Kasting v. American Family Mut. Ins. Co.,* 196 F.R.D. 595, 600 (D. Kan. 2000); 6-25 Moore's Federal Practice-Civil §25-13 (2017). "Oral notice, even on the record in court or in a deposition, is insufficient." *Tolliver*, 126 F.R.D. at 530 (citing *Dolgow v. Anderson*, 45 F.R.D. 470, 471 (E.D.N.Y. 1968)).

Moreover, Rule 25(a)(3) requires that "[a] motion to substitute, together with a notice of hearing be served on the parties as provided in Rule 5 and on

nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25. *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)("[N]onparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been), should certainly be served.").

Accordingly, the Court will require Assignees/Cross-Claimants to remedy the issues with respect to substitution and they may then renew their motion for substitution.

SO ORDERED.

Dated: October 27, 2017  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk